*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE E. DASH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHERIFF DEPUTY IRIS SPIRES,<br><br>　　　　Defendant. | No. C 06-6241 RMW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS; GRANTING MOTION TO SEAL<br><br>(Docket Nos. 28, 39, 41) |

Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was in the custody of the San Francisco County Jail ("SFCJ"), defendant San Francisco County Sheriff's Deputy Iris Spires ("Spires") and other unnamed jail employees used excessive force against him on April 14, 2006. After reviewing plaintiff's amended complaint, the court found that, when liberally construed, it stated a cognizable claim for relief, and ordered service upon Spires. Spires filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to exhaust administrative remedies. Plaintiff has filed various papers opposing the motion to dismiss, and Spires filed a reply.[1] For the reasons explained below, the motion to dismiss is GRANTED and

---

[1] The court has considered the following documents as plaintiff's opposing papers: (1) "Opposition to Defendants' Motion for Summary Judgment" (Docket No. 14), filed *before* defendant's motion; (2) "Motion to Suppress Summary Judgment" (Docket No. 39), filed August 11, 2008; and (3) two letters addressed to the court (Docket Nos. 34 & 35).

G:\PRO-SE\SJ.Rmw\CR.06\Dash241mtdexh.wpd       1

the instant action is DISMISSED without prejudice.

## BACKGROUND

Plaintiff alleges that on the morning of April 14, 2006, he went to court in department 22 of the San Francisco Superior Court. After court, Deputy Spires escorted plaintiff and two other inmates back to the SFCJ. After she brought plaintiff to a holding area, she and other deputies beat him. Spires then brought plaintiff into an elevator in handcuffs, where she kneed him in the groin. (See Amended Complaint at 3-4.) Spires disputes plaintiff's account, denies striking him in the groin, and states that plaintiff had rushed at her, tried to grab her, and resisted both handcuffing and being placed in the holding tank. (Spires Decl. at ¶¶ 3-10.) Later that day, Spires filed a Notice of Rules Violation, stating that plaintiff had attempted to rush out of the holding tank door and grab her, and disciplining him for attempting to escape. (Spires Decl. Ex. A.)

## DISCUSSION

A.  Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

B.  Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[2] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. <u>Porter v. Nussle</u>, 122 S. Ct. 983, 988, 992 (2002).

      Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement. Pursuant to Section 1073, the San Francisco Sheriff's Department has established a Prisoner Grievance System that provides a grievance process to inmates to allow redress of conditions related to confinement, including complaints against staff. (<u>See</u> Zaheer Decl., Ex. E.) If an inmate has a complaint against a staff person, an inmate must use the jail's general grievance form to file a complaint.[3] (<u>Id.</u> at 5.) The grievance is sent directly to the Facility Commander. (<u>Id.</u> at 5-6.) The Facility Commander logs the grievance in a particular file and has seven days to respond to the grievance. (<u>Id.</u> at 6.) "If the prisoner is not satisfied with the response given, the prisoner may appeal to the Custody Division Commander. [¶] The Custody Division Commander will have seven days to review the appeal. The appeal response will be sent to the Facility Commander and the prisoner." (<u>Id.</u>)

      The San Francisco Sheriff's Department has no record of any relevant grievance filed by plaintiff. Plaintiff states in his opposing papers that he exhausted his administrative remedies by filing an appeal of the April 14, 2006 Notice of Rules Violation, which appeal was denied four days later, on April 18, 2006, and by filing a San

---

[3]Grievances that are not against staff members follow a slightly different procedure: they begin with informal resolution by the deputy collecting the grievance, if that fails, they proceed to the Watch Commander, then to the Facility Commander, and finally to the Custody Division Commander. (<u>Id.</u> at 4.)

1  Francisco County government claim form on July 6, 2006.[4]  Plaintiff's appeal of his
2  disciplinary report and his government claim form against the City and County of San
3  Francisco not adhere to the available grievance procedures at the SFCJ for complaints
4  against SFCJ staff.  Specifically, petitioner did not use the SFCJ general grievance form
5  and file it with the Facility Commander, as specified in the SFCJ grievance policy.  Cf.,
6  e.g., Lavista v. Beeler, 195 F.3d 254, 257 (6th Cir. 1999) ("Congress intended the exhaustion
7  requirement to apply to the *prison's* grievance procedures, regardless of what other
8  administrative remedies might also be available.").

9        In his amended complaint, plaintiff also alleges that he filed an "institutional
10  grievance" at the "informal appeal" level on the date of the incident, April 14, 2006.
11  Plaintiff does not reference this informal appeal in his opposition papers, nor is there any
12  record of such an appeal.  In any event, there is no allegation or indication, either in the
13  amended complaint, in plaintiff's opposition papers, or elsewhere in the file, that plaintiff
14  ever presented his claim against Spires in a formal grievance using the SFCJ general
15  grievance form with the Facility Commander, or pursued an administrative appeal to the
16  Custody Commander, as is required to fully exhaust the administrative remedies available
17  to him at the SFCJ.

18        Plaintiff was required to file a formal grievance and exhaust all administrative
19  remedies available to him through the San Francisco Sheriff's Department's Prisoner
20  Grievance System, "irrespective of the forms of relief sought and offered through
21  administrative avenues," before he could pursue his § 1983 claim in federal court.  Booth,
22  532 U.S. at 741 n.6; accord Porter, 534 U.S. at 524.  He did not do so.  Nor has he shown
23  that he should be excused from exhausting before filing suit because the Prisoner
24  Grievance System was not available to him or because of some extraordinary

---

[4] Plaintiff makes this argument in the January 16, 2008 "Opposition to Defendants' Motion for Summary Judgment," and in the August 11, 2008 "Motion to Suppress Summary Judgment."  Plaintiff has not supplied a copy of the appeal of Notice or Rules Violation; a copy of the government claim form, and the denial thereof, are attached to plaintiff's January 16 "Opposition."

circumstance.  Cf. Harris v. Baca, No. CV 01-10905 RSWL (CTX), 2003 WL 21384306, at *3 (C.D. Cal. June 11, 2003) (rejecting prisoner's contention that his attorney's grievance to the sheriff exhausted his administrative remedies because even if there was another means of remedy available, prisoner is not excused from the prison's established complaint procedure).  Plaintiff's action must be dismissed without prejudice.  See Wyatt, 315 F.3d at 1120; see also McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).[5]

## CONCLUSION

Defendants' motion to dismiss for failure to properly exhaust available administrative remedies under 42 U.S.C. § 1997e(a) before filing suit is GRANTED (Docket No. 28).  Plaintiff's motion to "suppress" defendant's motion is DENIED (Docket No. 39).  Defendant's motion to seal a previously sealed document is GRANTED (Docket No. 41).  The action is DISMISSED without prejudice.

The clerk shall close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: 1/13/09

RONALD M. WHYTE
United States District Judge

---

[5]Defendant alternatively moves for summary judgment.  Summary judgment is not available at this stage of the case because it is clear that there are genuine disputes of material facts, such as whether Spires used any force on plaintiff, how much force she used, and whether plaintiff offered any resistance.  Compare Amended Complaint at 3-4 with Spires Decl. at ¶¶ 3-10; see generally Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (genuine dispute of material facts precludes summary judgment).